UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTONIO McGHEE,                    )
                                   )
            Plaintiff,             )
                                   )
    v.                             )         17-CV-4157
                                   )
Hany Khoury, *et al.*,             )
                                   )
            Defendants.            )

MERIT REVIEW ORDER

The plaintiff, proceeding *pro se*, and currently detained in the Rock Island County Jail, was granted leave to proceed *in forma pauperis*.  The case is now before the court for a merit review of plaintiff's claims.  The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).  The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging he was wrongfully convicted after Defendant Umlah, the prosecuting attorney, admitted false evidence and suborned perjury.  Plaintiff alleges Defendant Kauzlarich, the presiding judge, improperly admitted evidence without the proper foundation, and

1

that Defendant Khoury, his appointed public defender, failed to represent him properly and was wholly ineffective.

The defendants plaintiff seeks to sue are immune from suit.

*See Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012) ("Prosecutors are entitled to absolute immunity when they are performing functions—such as determining whether charges should be brought and initiating a prosecution—'intimately associated with the judicial phase of the criminal process.'" (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993)); *Polzin*, 636 F.3d at 838 ("A judge has absolute immunity for any judicial actions....").  Defendant Khoury, as a public defender, is not a state actor for purposes of § 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).

In addition, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars a plaintiff from challenging the facts underlying his criminal conviction in a § 1983 action until the criminal conviction is successfully vacated or overturned.  Plaintiff's remedy at this point lies in a habeas corpus proceeding.  Accordingly, plaintiff's claims are dismissed.

IT IS THEREFORE ORDERED:

1.    The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed.

2.    This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.

3.    The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4.    If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of

judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

5.     In light of this order, plaintiff's motion for status [5] is MOOT.


Entered this 14th day of August, 2017

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE